

**FILED
JANUARY 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kisha Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Palisades Acquisition XVI, LLC, a | ) | **JUDGE KENNELLY** |
| Delaware limited liability company, and | ) | **MAGISTRATE JUDGE SCHENKIER** |
| Blatt,Hasenmiller, Leibsker & Moore | ) | |
| LLC, an Illinois limited liability company, | ) | **08 C 515** |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kisha Jenkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant Palisades transacts business here, and Defendant Blatt resides and transacts business here.

### PARTIES

3.      Plaintiff, Kisha Jenkins ("Jenkins"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to First Consumers National Bank,

subsequently allegedly owed to Capital One, then allegedly owed to Centurion Capital Corporation, and most recently allegedly owed to Palisades Acquisitions, XVI, LLC.

4. Defendant, Palisades Acquisition XVI, LLC, is a Delaware limited liability company ("Palisades"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Palisades was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Jenkins.

5. Defendant Palisades is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt. Palisades often has no documentary proof to support the validity of the debts it purchases -- a type of debt the media has recently termed "Zombie Debt".

6. Defendant, Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt"), is an Illinois limited liability company and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Jenkins.

## FACTUAL ALLEGATIONS

7. At some point in the past, Ms. Jenkins allegedly opened an account with First Consumers National Bank for a Newport News credit card, which subsequently became delinquent. According to Defendants, the debt was then bought by Capital One, and subsequently sold by Capital One to Centurion Capital Corporation.

8. On August 23, 2006, Defendant Blatt filed a lawsuit against Ms. Jenkins on behalf of Centurion Capital Corporation in a matter styled: Centurion Capital Corp. v. Jenkins, Case No. 2006-M1-164753, Cook County, Illinois (the "State Court Lawsuit"). The complaint in the State Court Lawsuit stated that the amount of the debt allegedly owed by Ms. Jenkins was $2,109.37. A copy of the State Court Lawsuit is attached as Exhibit A.

9. While the State Court Lawsuit was pending, Defendant Blatt sent an initial form collection letter to Ms. Jenkins, dated March 29, 2007, informing her that Defendant Palisades now owned the debt at issue and that the amount of the debt was $2,311.37 -- $202 more than the amount of the debt for which Ms. Jenkins had been sued in the State Court Lawsuit. A copy of this March 29, 2007 collection letter is attached as Exhibit B.

10. Via a letter dated April 4, 2007, one of Ms. Jenkins' attorneys disputed the Defendants' conflicting collection efforts, specifically regarding the demand letter for Defendant Palisades (Exhibit B), which was sent while the State Court Lawsuit filed by Centurion, through Defendant Blatt, was still pending. A copy of this dispute letter is attached hereto as Exhibit C.

11. Although Defendant Blatt dismissed the State Court Lawsuit on May 15, 2007, Defendants failed to explain why the amount of the debt had increased by $202 between the date the State Court lawsuit was filed, August 23, 2006, and when its form collection letter was sent to Ms. Jenkins (Exhibit B), on March 29, 2007.

12. On July 9, 2007, Ms. Jenkins sued Blatt and Centurion for violating the FDCPA relative to their collection actions in the State Court Lawsuit, the lawsuit in that matter is styled Jenkins v. Centurion et al., No. 07 C 3838 (N.D. Ill.) ("Federal Court Lawsuit"). In the Federal Court Lawsuit, Ms. Jenkins learned, through discovery, that Defendant Blatt had wrongly added $202 to the amount of the debt Ms. Jenkins allegedly owed to Palisades (Exhibit B), for court costs incurred in the State Court Lawsuit.

13. Defendants had no right to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades, because no judgment had been entered against Ms. Jenkins in the State Court Lawsuit, and thus, no court costs had been awarded to Defendant Blatt or Defendant Palisades' purported predecessor in interest, Centurion.

14. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statement Of The Amount Of The Debt

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, falsely representing the character, amount or legal status of any debt. See, 15 U.S.C. § 1692e(2)(A).

18. Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to, falsely stating the amount of the debt (Exhibit B).

19. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C. § 1692f(1).

22. Defendants' collection actions which violated § 1692f of the FDCPA, include, but are not limited to, wrongly demanding payment of court costs which it had no contractual or statutory right to collect (Exhibit B).

23. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692g(a)1) Of The FDCPA --
### Failing To State Adequately The Amount Of The Debt

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692g(a)(1) of the FDCPA requires a debt collector to provide written notice within five days of its initial communication with the consumer in connection with the collection of any debt, which written notice must include, among other statements of the consumer's rights, a statement of the amount of the debt. <u>See</u>, 15 U.S.C. § 1692g(a)(1).

26. Defendants violated § 1692g(a)(1) of the FDCPA by failing to state the correct amount of the debt in their collection letter (Exhibit <u>B</u>), because the amount of the debt, as stated, wrongly included $202 in court costs, when in fact, Ms. Jenkins was not liable for any court costs relative to the alleged debt.

27. Defendants' violation of § 1692g(a)(1) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Kisha Jenkins, prays that this Court:

1. Declare that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Jenkins and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§1692k(a) of the FDCPA;  and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kisha Jenkins, demands trial by jury.

                      Kisha Jenkins,

                      By:  /s/ David J. Philipps
                      One of Plaintiff's Attorneys

Dated: January 23, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com