**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KISHA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-CV-0515 |
| v. | ) | |
| | ) | Judge Kennelly |
| PALISADES ACQUISITIONS XVI, LLC, | ) | Magistrate Judge Schenkier |
| a Delaware limited liability company, and | ) | |
| BLATT, HASENMILLER, LEIBSKER & | ) | |
| MOORE, LLC, an Illinois limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

NOW COME Defendants Palisades Acquisitions XVI, LLC and Blatt, Hasenmiller,

Leibsker & Moore, LLC, by and through their undersigned counsel, and for their Answer and

Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §
1331.

**ANSWER:**      Admit.

2.      Venue is proper in this District because the acts and transactions occurred here,
Plaintiff resides here, Defendant Palisades transacts business here, and Defendant Blatt resides and
transacts business here.

**ANSWER:**      Defendants admit that venue is proper in this district, and that Blatt resides and

transacts business here.  Defendants are without knowledge or information sufficient to form a

belief as to whether Plaintiff resides here.  Defendants deny the remaining allegations contained in

paragraph 2.

# PARTIES

3.      Plaintiff, Kisha Jenkins ("Jenkins") is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to First Consumers National Bank, and now allegedly owed to Palisades Acquisitions, XVI, LLC.

**ANSWER:**     Defendants admit Plaintiff owes a debt to Palisades that she originally incurred to

First Consumers National Bank and that Palisades retained Blatt to pursue collection of said debt.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 3.

4.      Defendant, Palisades Acquisitions XVI, LLC, is a Delaware limited liability company ("Palisades"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Palisades was acting as a debt collector as to the delinquent debt it attempted to collect from Ms. Jenkins.

**ANSWER:**     Defendants admit that Palisades is a Delaware corporation, and deny the remaining

allegations contained in paragraph 4.

5.      Defendant Palisades is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt. Palisades often has no documentary proof to support the validity of the debts it purchases – a type of debt the media has recently termed "Zombie Debt".

**ANSWER:**     Defendants admit that Palisades is a debt buyer and that Palisades often retains Blatt

to pursue collection of those debts. Defendants deny the remaining allegations contained in

paragraph 5.

6.      Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), is an Illinois limited liability company and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Jenkins.

**ANSWER:**     Defendants admit generally that Blatt is a "debt collector" within the meaning of the

FDCPA, but are without knowledge or information sufficient to form a belief as to whether the debt at issue here is a "consumer debt" within the meaning of the FDCPA.

## FACTUAL ALLEGATIONS

7.    At some point in the past, Ms. Jenkins allegedly opened an account with First Consumers National Bank for a Newport News credit card, which subsequently became delinquent. According to Defendants, the debt was then bought by Capital One, and subsequently sold by Capital One to Centurion Capital Corporation.

**ANSWER:**    Admit.

8.    On August 23, 2006, Defendant Blatt filed a lawsuit against Ms. Jenkins on behalf of Centurion Capital Corporation in a matter styled: Centurion Capital Corp. v. Jenkins, Case No. 2006-M1-164753, Cook County, Illinois (the "State Court Lawsuit"). The complaint in the State Court Lawsuit stated that the amount of the debt allegedly owed by Ms. Jenkins was $2,109.37. A copy of the State Court Lawsuit is attached as Exhibit A.

**ANSWER:**    Defendants admit that Blatt filed a lawsuit against Plaintiff on behalf of Centurion. Defendants admit that a copy of the lawsuit is attached to Plaintiff's complaint as Exhibit A and that said lawsuit speaks for itself. Defendants deny the remaining allegations contained in paragraph 8.

9.    While the State Court Lawsuit was pending, Defendant Blatt sent an initial form collection letter to Ms. Jenkins, dated March 29, 2007, informing her that Defendant Palisades now owned the debt at issue and that the amount of the debt was $2,311.37 -- $202 more than the amount of which the debt for Ms. Jenkins had been sued in the State Court Lawsuit. A copy of this March 29, 2007 collection letter is attached as Exhibit B.

**ANSWER:**    Defendants admit that Blatt sent a letter to Plaintiff on behalf of Palisades dated March 29, 2007. Defendants admit that a copy of the letter is attached to Plaintiff's Complaint as Exhibit B and that said letter speaks for itself. Defendants deny the remaining allegations contained in paragraph 9.

10.    Via a letter dated April 4, 2007, one of Ms. Jenkins' attorneys disputed the Defendants' conflicting collection efforts, specifically regarding the demand letter for Defendant Palisades (Exhibit B), which was sent while the State Court Lawsuit filed by Centurion, through Defendant Blatt, was still pending. A copy of this dispute letter is attached hereto as Exhibit C.

**ANSWER:**    Defendants admit Blatt received a letter from attorney David Philipps dated April 4,

3

2007.  Defendants admit that a copy of the letter is attached to Plaintiff's Complaint as Exhibit C

and that said letter speaks for itself.  Defendants deny the remaining allegations contained in

paragraph 10.

11.    Although Defendant Blatt dismissed the State Court Lawsuit on May 15, 2007, Defendants failed to explain why the amount of the debt had increased by $202 between the date the State Court Lawsuit was filed, August 23, 2006, and when its form collection letter was sent to Ms. Jenkins (Exhibit <u>B</u>), on March 29, 2007.

**ANSWER:**    Defendants admit that Centurion dismissed the State Court Lawsuit through Blatt

and deny the remaining allegations contained in paragraph 11.

12.    On July 9, 2007, Ms. Jenkins sued Blatt and Centurion for violating the FDCPA relative to their collection actions in the State Court Lawsuit, the lawsuit in that matter is styled <u>Jenkins v. Centurion, et al.</u>, No. 07 C 3838 (N.D. Ill.)("Federal Court Lawsuit").  In the Federal Court Lawsuit, Ms. Jenkins learned, through discovery, that Defendant Blatt had wrongly added $202 to the amount of the debt Ms. Jenkins allegedly owed to Palisades (Exhibit <u>B</u>), for court costs incurred in the State Court Lawsuit.

**ANSWER:**    Defendants admit Plaintiff sued Blatt and Centurion in <u>Jenkins v. Centurion, et al.</u>,

No. 07 C 3838 (N.D. Ill.).  Defendants are without knowledge or information sufficient to form a

belief as to how Plaintiff learned of any information related to this lawsuit.  Defendants deny the

remaining allegations contained in paragraph 12.

13.    Defendants had no right to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades, because no judgment had been entered against Ms. Jenkins in the State Court Lawsuit, and thus, no court costs had been awarded to Defendant Blatt or Defendant Palisades' purported predecessor in interest, Centurion.

**ANSWER:**    Denied.

14.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 14 because the phrase "collection actions at issue" is

vague and undefined.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F. 3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**     Defendants admit that the *Gammon* case speaks for itself, and deny the remaining allegations contained in paragraph 15.

## COUNT I
### Violation of § 1692e Of The FDCPA –
### False Statement Of The Amount Of The Debt

16.     Plaintiff adopts and realleges ¶¶ 1-15.

**ANSWER:**     Defendants adopt and incorporate herein their responses to paragraphs 1-15.

17.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, falsely representing the character, amount or legal status of any debt. See, 15 U.S.C. § 1692e(2)(A).

**ANSWER:**     Defendants state that the FDCPA speaks for itself and deny the remaining allegations contained in paragraph 17.

18.     Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to, falsely stating the amount of the debt (Exhibit B).

**ANSWER:**     Deny.

19.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**ANSWER:**     Deny.

## COUNT II
### Violation of § 1692f Of The FDCPA –
### Unfair or Unconscionable Collection Actions

20.     Plaintiff adopts and realleges ¶¶ 1-15.

**ANSWER:**     Defendants adopt and incorporate herein their responses to paragraphs 1-15.

21.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  See, 15 U.S.C. § 1692f(1).

**ANSWER:**    Defendants state that the FDCPA speaks for itself and deny the remaining allegations

contained in paragraph 21.

22.    Defendants' collection actions which violated § 1692f of the FDCPA, include, but are not limited to, wrongly demanding payment of court costs which it had no contractual or statutory right to collect (Exhibit B).

**ANSWER:**    Deny.

23.    Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**ANSWER:**    Deny.

**COUNT III**
**Violation of § 1692g(a)(1) Of The FDCPA –**
**Failing To State Adequately The Amount Of The Debt**

24.    Plaintiff adopts and realleges ¶¶ 1-15.

**ANSWER:**    Defendants adopt and incorporate herein their responses to paragraphs 1-15.

25.    Section 1692g(a)(1) of the FDCPA requires a debt collector to provide written notice within five days of its initial communication with the consumer in connection with the collection of any debt, which written notice must include, among other statements of the consumer's rights, a statement of the amount of the debt.  See, 15 U.S.C. § 1692g(a)(1).

**ANSWER:**    Defendants state that the FDCPA speaks for itself and deny the remaining allegations

contained in paragraph 25.

26.    Defendants violated § 1692g(a)(1) of the FDCPA by failing to state the correct amount of the debt in their collection letter (Exhibit B), because the amount of the debt, as stated, wrongly included $202 in court costs, when in fact, Ms. Jenkins was not liable for any court costs relative to the alleged debt.

**ANSWER:**    Deny.

27.    Defendants' violation of § 1692g(a)(1) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**ANSWER:**    Deny.

6

## CLASS ALLEGATIONS

28.     Plaintiff, Kisha Jenkins, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant Blatt attempted to collect a delinquent consumer debt allegedly owed originally to First Consumers National Bank, and now allegedly owed to Palisades Acquisitions, XVI, LLC from one year before the date of this Complaint to the present, and as to which the consumer was sent a letter identical to the letter Plaintiff received (Exhibit <u>B</u>), and as to which Defendants incorrectly stated the amount of the debt by adding an amount for court costs that had not yet been assessed against the consumer.  This action seeks a declaration that Defendant Blatt's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER:**     Defendants admit that Plaintiff purports to bring this case as a class action, but deny that class certification is appropriate, and deny the remainder of paragraph 28.

29.     Defendants regularly engage in debt collection using the same form letter received by Plaintiff Jenkins in its attempts to collect from other persons.

**ANSWER:**     Defendants admit generally that Blatt engages in debt collection within the meaning of the FDCPA and deny all remaining allegations in paragraph 29.

30.     The Class consists of more than 40 persons from whom Defendants attempted to collect a delinquent consumer debt by sending them the same form letter they sent to Plaintiff Jenkins.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 30.

31.     Plaintiff Jenkins' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 31.

32.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to the individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant

Blatt and Defendant Palisades have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the

allegations of paragraph 32.

      33.    Plaintiff Jenkins will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Jenkins has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:**    Deny.

**AFFIRMATIVE DEFENSES**

      1.    Plaintiff fails to state a claim upon which relief can be granted.

      2.    Plaintiff has failed to mitigate her damages, if any.

      3.    Any violation of the FDCPA was not intentional and resulted from a *bona fide* error

notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

      WHEREFORE, Defendants respectfully request that judgment be entered in their favor and

against Plaintiff, that Defendants be awarded their costs and fees incurred herein, and that the Court

enter such further relief as is just, necessary and proper.

Dated: March 28, 2008                    Respectfully Submitted,

                                              PALISADES ACQUISITIONS XVI, LLC and
BLATT, HASENMILLER, LEIBSKER &
MOORE, LLC

                                              By:    */s/*  Amy R. Jonker          
                                                 One of Their Attorneys

                                               David L. Hartsell
                                             Amy R. Jonker
                                             McGUIREWOODS LLP
                                             77 W. Wacker Drive, Suite 4100

8

Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008, I electronically filed the foregoing

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED**

**COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

David J. Philipps
Mary E. Philipps
Bonnie C. Dragotto
GOMOLINSKI & PHILIPPS, LTD.
9860 S. Roberts Road
Suite One
Palos Hills, IL 60465
davephilipps@aol.com
mephilipps@aol.com
bdragotto@aol.com


_____/s/  Amy R. Jonker_____

\5220957.1