# EXHIBIT C





THE LAW FIRM OF

# PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 22, 2008

**VIA FACSIMILE: 312-849-3690**

David L. Hartsell
Amy R. Jonker
McGuireWoods, LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601

Re:   *Jenkins v. Centurion Capital Corporation and Blatt, Hasenmiller, Leibsker & Moore, LLC*, N.D. Ill. No. 07 C 3838; and
*Jenkins v. Palisades Acquisitions XVI, LLC*, N.D. Ill. No. 08 C 0515

Counsel:

We are disappointed that, rather than work with us to schedule depositions in these matters -- including Jenkins v. Palisades, which was re-assigned as related on Defendants' motion, in part so that discovery in the two cases could proceed on a coordinated basis, to avoid unnecessary expense and effort -- Defendants have chosen instead to file a premature and inaccurate motion to compel.

As you know -- and as the letters attached to Defendants' motion as Exhibits B and D clearly show -- at no time have we refused to produce Ms. Jenkins for deposition. Rather, we have repeatedly asked that you contact us to find mutually agreeable dates for the deposition of both Ms. Jenkins and Defendants' personnel, see our April 7, 2008 letter to Ms. Jonker. You did not contact us, as requested, nor did you contact us to conduct a Rule 37 conference, as required by the FRCP and the Local Rules, but instead filed an unnecessary motion to compel.

If you had contacted us in response to our April 7, 2008 letter, we could have told you that Ms. Jenkins has no dates available in May; however, she is available on June 23, 2008 (with a possible alternative date of June 9, 2008). Moreover, you only noticed Ms. Jenkins' deposition in Jenkins v. Centurion; since these cases were re-assigned based on relatedness, upon Defendants' motion, to promote

9760 South Roberts Road, Suite One, Palos Hills, Illinois 60465
708.974.2900   Fax 708.974.2907
www.philippsconsumerlaw.com



EXHIBIT C

David L. Hartsell
Amy R. Jonker
April 22, 2008
page two

efficiency and avoid unnecessary expense, we do not believe it is appropriate to produce Ms. Jenkins for deposition twice. Prior to any deposition taking place, that issue would have to be agreed upon.

The witnesses Plaintiff seeks initially to depose would, of course, be those individuals identified, so far, in Defendants' Rule 26(a) disclosures and discovery responses – Ronald Canter and Cheryl Kavanagh of Centurion Capital Corporation and Kenneth Wake of Blatt, Hasenmiller, Leibsker and Moore, LLC, and Peter Fish of Palisades Acquisitions XVI, LLC – as well as FRCP 30(b)(6) depositions of each Defendant. If you had called us in response to our April 7, 2008 letter, we could have told you that the subjects to be covered in the Rule 30(b)(6) depositions of each Defendant would be the subjects covered in any FDCPA case: Defendants' practices and procedures regarding the collection of debts, including the filing of lawsuits, related to First Consumer's National Bank accounts; Defendants' purchase and subsequent sale of those accounts; the relationship between the Defendants; Defendants' net worth and class size (Jenkins v. Palisades); the allegations of the Complaints filed in these matters and Defendants' Answers thereto; and any other matters within the deponent's personal knowledge regarding Defendants.

The prematurity of Defendants' motion is further demonstrated by the fact that the Defendants in Jenkins v. Palisades only recently provided us with their Rule 26(a) disclosures (on April 18, 2008), and have not yet responded to Plaintiff's discovery requests. Defendants, in fact, only recently agreed to conduct the Rule 26 conference (on April 4, 2008), a conference Plaintiff had been attempting to schedule since early February.

As I informed Ms. Jonker after court today, we request that Defendants withdraw their motion to compel, as that motion is neither correct nor appropriate, and rather, in order to resolve these outstanding discovery issues, pick up the phone and call us, as we have repeatedly requested.

Very truly yours,

David J. Philipps
DJP:mep

```
Transaction Report

Send
Transaction(s) completed
No.  TX Date/Time    Destination                    Duration P.#    Result    Mode
097  APR-22  16:16  13128493690                     0'00'49"  002   OK        N  ECM
```



THE LAW FIRM OF

PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

April 22, 2008

**VIA FACSIMILE: 312-849-3690**

David L. Hartsell
Amy R. Jonker
McGuireWoods, LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601

Re:  *Jenkins v. Centurion Capital Corporation and Blatt, Hasenmiller, Leibsker & Moore, LLC*, N.D. Ill. No. 07 C 3838; and
*Jenkins v. Palisades Acquisitions XVI, LLC*, N.D. Ill. No. 08 C 0515

Counsel:

We are disappointed that, rather than work with us to schedule depositions in these matters — including Jenkins v. Palisades, which was re-assigned as related on Defendants' motion, in part so that discovery in the two cases could proceed on a coordinated basis, to avoid unnecessary expense and effort — Defendants have chosen instead to file a premature and inaccurate motion to compel.

As you know — and as the letters attached to Defendants' motion as Exhibits B and D clearly show — at no time have we refused to produce Ms. Jenkins for deposition. Rather, we have repeatedly asked that you contact us to find mutually agreeable dates for the deposition of both Ms. Jenkins and Defendants' personnel, see our April 7, 2008 letter to Ms. Jonker. You did not contact us, as requested, nor did you contact us to conduct a Rule 37 conference, as required by the FRCP and the Local Rules, but instead filed an unnecessary motion to compel.

If you had contacted us in response to our April 7, 2008 letter, we could have told