# EXHIBIT E

McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818

Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

Amy R. Jonker
Direct: 312.750.3615

# McGUIREWOODS

ajonker@mcguirewoods.com
Direct Fax: 312.698.4549

May 5, 2008

_Via email (DavePhilipps@aol.com) and First Class Mail_

Mr. David Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, IL 60465

> Re: _Jenkins v. Centurion Capital Corp., et al._
> N.D. Ill. 07-3838
> _Jenkins v. Palisades Acquisitions XVI, LLC, et al._
> N.D. Ill. 08-515

Dear Mr. Philipps:

I received a phone call today from a secretary at your office asking if we were planning to proceed with depositions in the above referenced lawsuit on May 8, 2008. I stated to her that we are not planning to do so, and, after checking the file, confirmed that we have not received any deposition notices scheduling any deposition for May 8 for any party in this case.

The only deposition notices we have received in the case are for Rule 30(b)(6) representatives for Centurion and Palisades and for the following individuals: Peter Fish, Cheryl Kavanagh, Ronald Canter, and Beverly Berry. As I stated in my correspondence to you of April 28, 2008, Ronald Canter and Beverly Berry are no longer employed by Centurion and, thus, cannot be produced for deposition.

Palisades' Rule 30(b)(6) representative is available for deposition by telephone on June 3, 5, 11, or 13. Centurion's Rule 30(b)(6) representative is available for deposition by telephone on June 4, 5, 10, 11, or 12.

Regarding the matters listed for deposition on the notices for Centurion's and for Palisades' Rule 30(b)(6) depositions, Centurion and Palisades object to being deposed on the following matters for the following reasons:

1. "Defendants' practices and procedures regarding the collection of debts, including the filing of lawsuits; the collection of debts that were allegedly owed originally to First



May 5, 2008
Page 2


Consumer's National Bank, then allegedly owed to Centurion Capital Corporation and then allegedly owed to Palisades Acquisition XVI, LLC."

Centurion's Objection: In response to Plaintiff's Interrogatory No. 12, Centurion objected to identifying all practices and procedures relating to debt collection practices. This objection was upheld by the court in response to Plaintiff's motion to compel. Centurion restates its objections here as the request for testimony regarding the practices and procedures for the collection of debts requests the same or similar information as Plaintiff's Interrogatory No. 12 and is irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 30(b)(6) requires that matters for deposition be described with "reasonable particularity". Plaintiff's request for testimony regarding "Defendants' practices and procedures regarding...the filing of lawsuits" is overbroad and not described with reasonable particularity as the general filing of lawsuits by Centurion is not at issue in this lawsuit. Thus, Centurion objects to it. Centurion also objects to Plaintiff's request that Centurion provide testimony regarding practices and procedures for "Defendants'" as this is overbroad because it requests testimony from Centurion about the practices and procedures of Blatt, Hasenmiller.

Centurion further objects to providing testimony regarding the collection of debts "that were allegedly owed originally to First Consumer's National Bank, then allegedly owed to Centurion Capital Corporation and then allegedly owed to Palisades Acquisition XVI, LLC" to the extent that Plaintiff is requesting testimony regarding information other than for Plaintiff's debt. The court upheld Centurion's objections to Plaintiff's Interrogatories Nos. 2-3 requesting similar information and Centurion asserts the same objections here. Plaintiff's request is irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

Palisades' Objection: Palisades objects to providing testimony regarding practices and procedures for the collection of debts as this is overbroad and not described with reasonable particularity. Palisades further objects to providing testimony regarding the filing of lawsuits as it did not file a lawsuit against Plaintiff.

2.    "Defendants' discovery responses."

Centurion's Objection: This request is overbroad in that it asks Centurion to testify regarding the discovery responses provided by Defendant Blatt, Hasenmiller.

Palisades' Objection: This request is overbroad in that it asks Palisades to testify regarding the discovery responses provided by Defendant Blatt, Hasenmiller.

3.    "The allegations of the Complaints filed in these matters and Defendants' Answer thereto."

May 5, 2008
Page 3


        <u>Centurion's Objection</u>: This request is overbroad in that it asks Centurion to testify regarding allegations asserted by Plaintiff regarding Plaintiff and Defendant Blatt, Hasenmiller and to answers provided by Defendant Blatt, Hasenmiller.

        <u>Palisades' Objection</u>: This request is overbroad in that it asks Palisades to testify regarding allegations asserted by Plaintiff regarding Plaintiff and Defendant Blatt, Hasenmiller and to answers provided by Defendant Blatt, Hasenmiller.


        I will be available to discuss the above issues through Tuesday, May 13, 2008. After that I will be on maternity leave and David Hartsell will be available to discuss these and any other issues regarding these lawsuits.


                        Sincerely,

                        Amy R. Jonker


cc:    David L. Hartsell


\6240069.1

| | |
|---|---|
| Subj: | **Jenkins v. Centurion, et al. and Jenkins v. Palisades, et al.** |
| Date: | 5/5/2008 7:30:32 P.M. Central Daylight Time |
| From: | AJonker@mcguirewoods.com |
| To: | DavePhilipps@aol.com |
| CC: | dhartsell@mcguirewoods.com |

Mr. Philipps:

Please see attached correspondence.

Amy R. Jonker
Attorney at Law

# McGUIREWOODS

McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
312.750.3615 (Direct Line)
312.698.4549 (Direct FAX)
ajonker@mcguirewoods.com

---

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*