**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kisha Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   08 C 0515 |
| | ) | |
| Palisades Acquisitions XVI, LLC, a | ) | Judge Darrah |
| Maryland corporation, and Blatt, | ) | |
| Hasenmiller, Leibsker & Moore LLC, an | ) | |
| Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Kisha Jenkins ("Jenkins"), hereby requests, pursuant to Fed.R.Civ.P. 26
and 37, that this Court compel Defendants, Palisades Acquisitions XVI, LLC
("Palisades") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") to hold a Rule 37
conference, and answer Plaintiff's discovery requests fully.  In support of this motion,
Plaintiff states:

1.      Plaintiff Jenkins filed her Complaint on January 23, 2008 (Dkt. 1), and
served Defendants  with her proposed written discovery requests on February 8, 2008,
seeking, via interrogatories and requests for production of documents, discovery
concerning issues pertinent to the facts of this case.  Plaintiff filed an Amended
Complaint on March 14, 2008, to add class action allegations (Dkt. 18).  The parties
held a Rule 26 discovery conference on April 4, 2008, and thus, Defendants' discovery
responses were due on May 5, 2008.  Defendants were subsequently granted an
additional 14 days, until May 20, 2008, to respond to Plaintiff's discovery requests.
(Dkt. No. 27).

**Discovery Responses**

2.      In their discovery responses, which were unverified, Defendants refused to provide any information concerning their net worth (see, Palisades' Interrog.Resp. at ¶ 6; Doc.Req.Resp. at ¶ 9 (attached as Group Exhibit A); Blatt's Interrog.Resp. at ¶ 6; Doc.Req. at ¶ 9 (attached as Group Exhibit B)).  As to Plaintiff's request to identify potential class members, Defendant Palisades stated that it had no information responsive to the request because it did not send out the collection letters (see, Ex. A, Interrog.Resp. at ¶ 2; Doc.Req.Resp. at ¶ 3), while Defendant Blatt would only state that they ". . . will identify the number of Palisades letters sent  . . ." by Blatt on accounts similar to Plaintiffs' account – but to date, has not done so. (see, Ex. B, Interrog.Resp. at ¶ 2; Doc.Req. at  ¶ 3).

3.      Moreover, Palisades responses to Plaintiff's document requests repeatedly reference two "attached" pages (see, Ex. A, Doc.Req, at ¶¶ 1, 4, 5, 12, 13, 14), but those pages were not attached, and, to date, have not been produced. Additionally, as to a key piece of information related to what proof Defendant Palisades has that Plaintiff Jenkins ever had an account with the original creditor, Defendant Palisades only set forth the alleged chain of purchasers of the account and stated, "Investigation continues."  (See, Ex. A, Interrog.Resp. at ¶ 3; see also, Doc.Req.Resp. at ¶ 4).

**Depositions**

4.      Plaintiff's counsel repeatedly requested that Defendants provide Plaintiff's counsel with possible dates for the depositions of both Defendants and their personnel, but Defendants failed to do so.  Thus, Plaintiff's counsel was forced to notice the

deposition up at a time convenient to Plaintiff.  Defendants finally responded, by offering

dates for deposition by telephone, only; no reason was given as to why these

depositions could not proceed as scheduled, or should be done over the telephone;

see letters dated May 5, 2008 and May 9, 2008, attached as Group Exhibit C.   To date,

despite repeated requests, Plaintiff still does not have any dates set for the depositions

of Defendants and their personnel.

     5.    Plaintiff's counsel has also attempted to schedule Plaintiff's deposition

with Defendants.  After a deposition of Ms. Jenkins in this case and Jenkins v.

Centurion Capital Corp., N.D. Ill. No. 07 C 3838, scheduled for May 19, 2008, was

postponed -- because Defendants had not yet answered Plaintiff's discovery requests in

this matter -- Plaintiff requested that Defendant contact Plaintiff to agree on a date for

her deposition and the depositions of Defendants and their personnel. (See, letter dated

May 13, 2008, attached as Exhibit D).[1] Rather than do so, Defendants simply re-

noticed Ms. Jenkins deposition for a date on which neither of her counsel were

available.  On June 27, 2008, Plaintiff offered to produce Ms. Jenkins for deposition on

July 21, 2008, but Defendants never responded to this offer.  (See, letters dated June

27, 2008 and July 14, 2008, attached as Group Exhibit E).

**Efforts to Comply With F.R.Civ.P. 37**

     6.    Plaintiff has repeatedly attempted, for the last two months, to get

Defendants to hold a Rule 37 discovery conference.  In addition to the May 13, 2008

letter (Ex. D), Plaintiff wrote to Defendants on May 29, 2008 and June 18, 2008,

---

[1]  In fact, at the hearing on Defendants' motion for an extension of time, this Court
specifically directed the parties ". . .to reschedule the deposition at a time convenient to
both parties.", see, transcript of May 13, 2008 hearing  at p. 3, Lines 18-21 (Dkt. 28).

requesting discovery conferences, see, letters dated May 29, 2008 and June 18, 2008, attached as Group Exhibit F.

7.    Finally, on June 24, 2008, Defendants' counsel, David L. Hartsell, agreed to conduct a Rule 37 discovery conference in this matter on July 3, 2008 at 10:00 a.m.; on July 3, 2008 at 9:47 a.m., however, Mr. Hartsell unilaterally cancelled the Rule 37 conference, see, exchanges of e-mail, dated July 3, 2008, attached as Group Exhibit G. To date, Mr. Hartsell has not contacted Plaintiff's counsel to re-schedule the Rule 37 conference, nor to discuss dates for depositions, nor provided the missing discovery material from Palisades, nor provided information concerning the size of the potential class and Defendants' net worth.  Class size, and the Defendants' net worth, are two key factors for a Plaintiff in any FDCPA case to consider, when determining whether to move for class certification.

8.    Thus, despite Plaintiff's Counsel's good faith efforts to obtain discovery responses regarding these outstanding matters, without the assistance of the Court, Plaintiff's Counsel has been unsuccessful, due to no fault of their own.  Accordingly, Plaintiff requests that Defendants be compelled to conduct, in good faith, a Rule 37 conference with Plaintiff's counsel without delay.

WHEREFORE, Plaintiff, Kisha Jenkins, respectfully requests that Defendants be compelled to conduct, in good faith, a Rule 37 conference with Plaintiff's counsel without delay.

Respectfully submitted,

Kisha Jenkins

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 22, 2008

David J. Philipps          (Ill. Bar No. 06196285)
Mary E. Philipps          (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, a copy of the foregoing **Plaintiff's Motion to Compel** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David L. Hartsell                    dhartsell@mcguirewoods.com
Amy R. Jonker                        ajonker@mcguirewoods.com
McGuire Woods, LLP
77 W. Wicker Drive
Suite 4100
Chicago, IL  60601


/s/ David J. Philipps

David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com