# GROUP EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KISHA JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08-CV-0515 |
| v. | ) |
| | ) Judge Darrah |
| PALISADES ACQUISITIONS XVI, LLC, | ) Magistrate Judge Schenkier |
| a Delaware limited liability company, and | ) |
| BLATT, HASENMILLER, LEIBSKER & | ) |
| MOORE, LLC, an Illinois limited liability | ) |
| company, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT PALISADES ACQUISITIONS XVI, LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

NOW COMES defendant Palisades Acquisitions XVI, LLC ("Palisades"), by and through its undersigned counsel, and for its Responses to Plaintiff's Interrogatories, states as follows:

1. Identify by name, last known address and telephone number each individual likely to have discoverable information relevant to the facts alleged with particularity in the pleadings, identifying the subjects of the information.

**RESPONSE:**

(1) Kenneth Wake
Blatt, Hasenmiller, Leibsker & Moore, LLC
125 S. Wacker Dr., Ste. 400
Chicago, IL 60606
Information pertaining to the March 29, 2007 Palisades letter

(2) Peter Fish
Palisades Acquisitions XVI, LLC
c/o: counsel for Defendants
Information relating to the Palisades account

2. Identify by name, last known address and telephone number, all persons in the State of Illinois against whom Defendant Blatt had filed a lawsuit on behalf of Centurion Capital Corporation and as to which the debt at issue was thereafter sold to Defendant Palisades, to whom you then sent a collection letter similar to the letter you sent to Ms. Jenkins (Exhibit B), and state



GROUP EXHIBIT A

the amount of the debt you sought to collect in that lawsuit, the amount of the debt sought in the collection letter and all bases for any difference in those amounts.

**RESPONSE:** Palisades did not send any collection letter to plaintiff; therefore, Palisades has no information responsive to this interrogatory.

    3.    State in detail what proof you have that Ms. Jenkins had an account with First Consumers National Bank or that she was liable for the account, including but not limited to, any signed account agreement, card carrier, account statements and/or the applicable terms and conditions.

**RESPONSE:** Palisades purchased the account from Centurion Capital, which had purchased the account from Capital One, which had purchased the account from First Consumers National Bank. Plaintiff did not dispute the debt prior to retaining counsel. Investigation continues.

    4.    Identify by caption, court or agency, case number, and result, all litigation, administrative actions brought against you in the past three years for alleged violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law, relating to any allegation similar to those set forth in the Complaint.

**RESPONSE:** Palisades objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

    5.    Identify and describe each claim made under each of your liability insurance policies in the last three years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy, relating to any allegation similar to those set forth in the Complaint.

**RESPONSE:** Palisades objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

    6.    State your net worth for the last three years and identify all documents that demonstrate your net worth during that time period, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns.

**RESPONSE:** Palisades objects to this request and as overbroad, harassing, premature because no liability has been established nor has any class been certified, and not reasonably calculated to lead to the discovery of admissible evidence.

2

7. Identify all written guidelines, policies, procedures, manuals, memoranda, scripts, call outlines/guidelines or other documents used in your debt collection practices.

**RESPONSE:** Palisades objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

8. State the charge-off date on Ms. Jenkins' account.

**RESPONSE:** September 12, 2002, according to the information provided to Palisades when it purchased the account.

9. State in detail the relationship between Palisades Acquisitions XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC, including, but not limited to, whether Blatt, or any of its members, has any ownership interest in Palisades.

**RESPONSE:** BHLM was retained by Palisades to pursue collection of Plaintiff's debt. Neither BHLM nor any of its members have any ownership interest in Palisades.

10. State in detail the relationship between Centurion Capital Corp. and Palisades including, but not limited to, whether they have any common owners, members or shareholders.

**RESPONSE:** Palisades does not have a relationship with Centurion and does not have any common owners, members or shareholders.

11. State in detail what right you had to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades.

**RESPONSE:** Palisades did not add $202 in court costs to plaintiff's debt. Answering further, plaintiff's cardholder agreement with First Consumers National Bank provides that in the event of default, plaintiff is responsible for all costs of collection, including court costs.

12. State the factual basis for any affirmative defense you assert and identify all persons, by name, last known address and telephone number, with knowledge of these facts.

**RESPONSE:** Plaintiff has no damages, nor has she suffered any injury as the result of any acts or omissions of Palisades. Investigation continues.

13.  Identify by name, last known address and telephone number of each person who assisted in the preparation of the responses to these interrogatories, and specify the role each person performed.

**RESPONSE:** Peter Fish (see response to Interrogatory No. 1) with the assistance of counsel.

Dated: May 20, 2008

Respectfully Submitted,

PALISADES ACQUISITIONS XVI, LLC

By: _____
One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

4

## **VERIFICATION**

I, Peter Fish, state under penalty of perjury, that the foregoing answers to interrogatories and the facts contained therein are true and correct to the best of my personal knowledge and belief.

Date: _____                              _____
                                                                    Peter Fish

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, I caused a copy of the foregoing **DEFENDANT PALISADES ACQUISITIONS XVI, LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** to be served via First-Class, U.S. Mail, postage pre-paid, upon counsel listed below:

> David J. Philipps
> Mary E. Philipps
> PHILIPPS & PHILIPPS, LTD.
> 9860 S. Roberts Rd., Ste. One
> Palos Hills, IL 60465
> davephilipps@aol.com
> mephilipps@aol.com

_____
David L. Hartsell

\6232465.1

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KISHA JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-CV-0515 |
| v. ) | |
| ) | Judge Darrah |
| PALISADES ACQUISITIONS XVI, LLC, ) | Magistrate Judge Schenkier |
| a Delaware limited liability company, and ) | |
| BLATT, HASENMILLER, LEIBSKER & ) | |
| MOORE, LLC, an Illinois limited liability ) | |
| company, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT PALISADES ACQUISITIONS XVI, LLC'S RESPONSES TO PLAINTIFF'S DOCUMENT PRODUCTION REQUESTS

NOW COMES defendant Palisades Acquisitions XVI, LLC ("Palisades"), by and through its undersigned counsel, and for its Responses to Plaintiff's Document Production Requests, states as follows:

1.      Provide a copy, or a description by category, of all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to the facts alleged with particularity in the pleadings.

**RESPONSE:** See documents attached labeled Palisades 0001-0002.

2.      All documents pertaining to your compliance or noncompliance with the Fair Debt Collection Practices Act, including, but not limited to, all documents pertaining to your maintenance of procedures designed to avoid any violation of the Fair Debt Collection Practices Act and all documents received from the ACA International, the Association of Credit and Collection Professionals.

**RESPONSE:** Palisades objects to this request as irrelevant, immaterial, overbroad, oppressive harassing and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Documents (in a computer readable format, if available) that show the name, last known address and telephone number, all persons in the State of Illinois against whom Defendant Blatt had filed a lawsuit on behalf of Centurion Capital Corporation and as to which the debt at issue was thereafter sold to Defendant Palisades, to whom you then sent a collection letter similar to

the letter you sent to Ms. Jenkins (Exhibit B), that show the amount of the debt you sought to collect in that lawsuit, the amount of the debt sought in the collection letter and all bases for any difference in those amounts.

**RESPONSE:** Palisades did not send any collection letter to plaintiff; therefore, Palisades has no documents responsive to this request.

4. All documents that show that Ms. Jenkins had an account with First Consumers National Bank or that she was liable for the account, including but not limited to, any signed account agreement, card carrier, account statements and/or the applicable terms and conditions.

**RESPONSE:** See documents attached labeled Palisades 0001-0002.

5. All documents that show the charge-off date on Ms. Jenkins' account.

**RESPONSE:** See documents attached labeled Palisades 0001-0002.

6. All documents that show any and all relationships between Palisades Acquisition XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC, including, but not limited to, any retainer agreement or whether Blatt, or any of its members, has any ownership interest in Palisades.

**RESPONSE:** BHLM was retained by Palisades to pursue collection of Plaintiff's debt. Neither BHLM nor any of its members have any ownership interest in Palisades. Palisades objects to the remainder of this request as irrelevant, immaterial, overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

7. All documents that show any and all relationships between Centurion Capital Corp. and Palisades, including, but not limited to, whether they have any common owners, members or shareholders.

**RESPONSE:** None.

8. All documents that show what right you had to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades.

**RESPONSE:** Palisades did not add $202 in court costs to plaintiff's debt. Answering further, plaintiff's cardholder agreement with First Consumers National Bank provides that in the event of default, plaintiff is responsible for all costs of collection, including court costs.

2

9. All documents relating to your net worth for the last three years, including, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns.

**RESPONSE:** Palisades objects to this request as overbroad, oppressive, harassing, premature because no liability has been established nor has any class been certified, and not reasonably calculated to lead to the discovery of admissible evidence.

10. Copies of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** None.

11. Copies of any litigation, administrative actions, or consumer complaints brought or made against you in the past three years alleging violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law that relate to any allegations similar to those set forth in the Complaint.

**RESPONSE:** Palisades objects to this request to produce as irrelevant, immaterial, overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

12. All documents that refer or relate to Kisha Jenkins, including, but not limited to, any and all asset purchase agreements and/or assignments regarding Ms. Jenkins alleged account, all account histories, any correspondence or notes related to her, the form of any collection letter you sent to her, and any credit reports made or received about her.

**RESPONSE:** Palisades objects to this request as overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see documents attached labeled Palisades 0001-0002.

13. All documents that refer, relate to or support or diminish any affirmative defense you assert.

**RESPONSE:** See documents attached labeled Palisades 0001-0002.

14. All documents you consulted to prepare, or that relate to, your answers to Plaintiff's interrogatories or to these production requests.

**RESPONSE:** See documents attached labeled Palisades 0001-0002.

3

Dated: May 20, 2008

Respectfully Submitted,

PALISADES ACQUISITIONS XVI, LLC

By: _____
One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

4