# GROUP EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KISHA JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>PALISADES ACQUISITIONS XVI, LLC, a Delaware limited liability company, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, an Illinois limited liability company,<br><br>Defendants. | ) | Case No. 08-CV-0515<br><br>Judge Darrah<br>Magistrate Judge Schenkier |

**DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

NOW COMES defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its undersigned counsel, and for its Responses to Plaintiff's Interrogatories, states as follows:

1. Identify by name, last known address and telephone number each individual likely to have discoverable information relevant to the facts alleged with particularity in the pleadings, identifying the subjects of the information.

**RESPONSE:**

(1) Kenneth Wake
Blatt, Hasenmiller, Leibsker & Moore, LLC
125 S. Wacker Dr., Ste. 400
Chicago, IL 60606
Information pertaining to the March 29, 2007 Palisades letter

(2) Peter Fish
Palisades Acquisitions XVI, LLC
c/o: counsel for Defendants
Information relating to the Palisades account

2. Identify by name, last known address and telephone number, all persons in the State of Illinois against whom Defendant Blatt had filed a lawsuit on behalf of Centurion Capital Corporation and as to which the debt at issue was thereafter sold to Defendant Palisades, to whom

GROUP

EXHIBIT
B

you then sent a collection letter similar to the letter you sent to Ms. Jenkins (Exhibit B), and state the amount of the debt you sought to collect in that lawsuit, the amount of the debt sought in the collection letter and all bases for any difference in those amounts.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant, immaterial, vague, overbroad, harassing, seeking private financial information about non-parties, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, defendant will identify the number of Palisades letters sent by BHLM on accounts, like plaintiff's, that were originally incurred with First Consumers National Bank and subsequently sold to Centurion Capital and then to Palisades, where court costs were added to the balance due.

3.  State in detail what proof you have that Ms. Jenkins had an account with First Consumers National Bank or that she was liable for the account, including but not limited to, any signed account agreement, card carrier, account statements and/or the applicable terms and conditions.

**RESPONSE:** According to the information provided to BHLM by its client, Palisades purchased the account from Centurion Capital, which had purchased the account from Capital One, which had purchased the account from First Consumers National Bank. Plaintiff did not dispute the debt with BHLM prior to retaining counsel. Investigation continues.

4.  Identify by caption, court or agency, case number, and result, all litigation, administrative actions brought against you in the past three years for alleged violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law, relating to any allegation similar to those set forth in the Complaint.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

5. Identify and describe each claim made under each of your liability insurance policies in the last three years, including the date of the claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy, relating to any allegation similar to those set forth in the Complaint.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

6. State your net worth for the last three years and identify all documents that demonstrate your net worth during that time period, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns.

**RESPONSE:** Defendant objects to this interrogatory as overbroad, harassing, premature because no liability has been established nor has any class been certified, and not reasonably calculated to lead to the discovery of admissible evidence.

7. Identify all written guidelines, policies, procedures, manuals, memoranda, scripts, call outlines/guidelines or other documents used in your debt collection practices.

**RESPONSE:** Defendant objects to this interrogatory as irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

8. State the charge-off date on Ms. Jenkins' account.

**RESPONSE:** Unknown.

9. State in detail the relationship between Palisades Acquisitions XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC, including, but not limited to, whether Blatt, or any of its members, has any ownership interest in Palisades.

**RESPONSE:** BHLM was retained by Palisades to pursue collection of Plaintiff's debt. Neither BHLM nor any of its members have any ownership interest in Palisades.

10. State in detail the relationship between Centurion Capital Corp. and Palisades including, but not limited to, whether they have any common owners, members or shareholders.

**RESPONSE:** Unknown.

11. State in detail what right you had to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades.

**RESPONSE:** Plaintiff's cardholder agreement with First Consumers National Bank provides that in the event of default, plaintiff is responsible for all costs of collection, including court costs. Alternatively, see response to Interrogatory No. 12.

12. State the factual basis for any affirmative defense you assert and identify all persons, by name, last known address and telephone number, with knowledge of these facts.

**RESPONSE:** Any violation of the FDCPA associated with adding $202 in court costs on the March 29, 2007 letter was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. Due to a software programming error in connection with generating the Palisades transfer letters, the court costs previously incurred on plaintiff's account were not stripped out prior to the letter being sent. Ken Wake (see response to Interrogatory No. 1) has knowledge of these facts.

13. Identify by name, last known address and telephone number of each person who assisted in the preparation of the responses to these interrogatories, and specify the role each person performed.

**RESPONSE:** Kenneth Wake (see response to Interrogatory No. 1), with the assistance of counsel.

Dated: May 20, 2008

Respectfully Submitted,

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

By:________________________
David L. Hartsell

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax

dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

**VERIFICATION**

I, Kenneth R. Wake, state under penalty of perjury, that the foregoing answers to interrogatories and the facts contained therein are true and correct to the best of my personal knowledge and belief.

Date: ____________

____________________________
Kenneth R. Wake

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2008, I caused a copy of the foregoing **DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** to be served via First-Class, U.S. Mail, postage pre-paid, upon counsel listed below:

David J. Philipps
Mary E. Philipps
PHILIPPS & PHILIPPS, LTD.
9860 S. Roberts Rd, Ste. One
Palos Hills, IL 60465
davephilipps@aol.com
mephilipps@aol.com

David L. Hartsell

\6232773.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KISHA JENKINS, Plaintiff, | ) | Case No. 08-CV-0515 |
| v. | ) | Judge Darrah<br>Magistrate Judge Schenkier |
| PALISADES ACQUISITIONS XVI, LLC, a Delaware limited liability company, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, an Illinois limited liability company, Defendants. | ) | |

**DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S RESPONSES TO PLAINTIFF'S DOCUMENT PRODUCTION REQUESTS**

NOW COMES defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its undersigned counsel, and for its Responses to Plaintiff's Document Production Requests, states as follows:

1. Provide a copy, or a description by category, of all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to the facts alleged with particularity in the pleadings.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

2. All documents pertaining to your compliance or noncompliance with the Fair Debt Collection Practices Act, including, but not limited to, all documents pertaining to your maintenance of procedures designed to avoid any violation of the Fair Debt Collection Practices Act and all documents received from the ACA International, the Association of Credit and Collection Professionals.

**RESPONSE:** Defendant objects to this request as irrelevant, immaterial, overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Without

waiving said objections, defendant will produce documents, if any, related to the bona fide error defense as articulated in response to Interrogatory No. 12.

3. Documents (in a computer readable format, if available) that show the name, last known address and telephone number, all persons in the State of Illinois against whom Defendant Blatt had filed a lawsuit on behalf of Centurion Capital Corporation and as to which the debt at issue was thereafter sold to Defendant Palisades, to whom you then sent a collection letter similar to the letter you sent to Ms. Jenkins (Exhibit B), that show the amount of the debt you sought to collect in that lawsuit, the amount of the debt sought in the collection letter and all bases for any difference in those amounts.

**RESPONSE:** BHLM objects to this request as irrelevant, immaterial, vague, overbroad, oppressive, harassing, seeking private financial information about non-parties, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, BHLM will identify the number of Palisades letters sent by BHLM on accounts, like plaintiff's, that were originally incurred with First Consumers National Bank and subsequently sold to Centurion Capital and then to Palisades, where court costs were added to the balance due.

4. All documents that show that Ms. Jenkins had an account with First Consumers National Bank or that she was liable for the account, including but not limited to, any signed account agreement, card carrier, account statements and/or the applicable terms and conditions.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

5. All documents that show the charge-off date on Ms. Jenkins' account.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

6. All documents that show any and all relationships between Palisades Acquisition XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC, including, but not limited to, any retainer agreement or whether Blatt, or any of its members, has any ownership interest in Palisades.

**RESPONSE:** BHLM was retained by Palisades to pursue collection of Plaintiff's debt. Neither BHLM nor any of its members have any ownership interest in Palisades. BHLM objects to the

remainder of this request as irrelevant, immaterial, overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

7. All documents that show any and all relationships between Centurion Capital Corp. and Palisades, including, but not limited to, whether they have any common owners, members or shareholders.

**RESPONSE:** None.

8. All documents that show what right you had to add $202 in court costs to the amount of the debt that Ms. Jenkins allegedly owed to Palisades.

**RESPONSE:** See FCNB cardholder agreement, attached as BHLM 00034-35.

9. All documents relating to your net worth for the last three years, including, but not limited to, financial statements, profit and loss statements, income statements, balance sheets, valuations and federal tax returns.

**RESPONSE:** Defendant objects to this request as overbroad, oppressive, harassing, premature because no liability has been established nor has any class been certified, and not reasonably calculated to lead to the discovery of admissible evidence.

10. Copies of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** None.

11. Copies of any litigation, administrative actions, or consumer complaints brought or made against you in the past three years alleging violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, state unfair trade or consumer protection laws, or any similar law that relate to any allegations similar to those set forth in the Complaint.

**RESPONSE:** Defendant objects to this request as irrelevant, immaterial, overbroad, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

12. All documents that refer or relate to Kisha Jenkins, including, but not limited to, any and all asset purchase agreements and/or assignments regarding Ms. Jenkins alleged account, all account histories, any correspondence or notes related to her, the form of any collection letter you sent to her, and any credit reports made or received about her.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

13. All documents that refer, relate to or support or diminish any affirmative defense you assert.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

14. All documents you consulted to prepare, or that relate to, your answers to Plaintiff's interrogatories or to these production requests.

**RESPONSE:** See documents previously produced in Case No. 07-C-3838 (labeled BHLM 00001-00033).

Dated: May 20, 2008

Respectfully Submitted,

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

By: ______________________
David L. Hartsell

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2008, I caused a copy of the foregoing **DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S RESPONSES TO PLAINTIFF'S DOCUMENT PRODUCTION REQUESTS** to be served via First-Class, U.S. Mail, postage pre-paid, upon counsel listed below:

David J. Philipps
Mary E. Philipps
PHILIPPS & PHILIPPS, LTD.
9860 S. Roberts Rd, Ste. One
Palos Hills, IL 60465
davephilipps@aol.com
mephilipps@aol.com

David L. Hartsell

\6232767.1



with the Account. If you exceed your Credit Limit, we may suspend your right to use your Account under the terms of this Agreement.

## 5. MINIMUM PAYMENTS

You may at any time pay any part or all of the New Balance shown on your billing statement, but each month you must pay at least the Minimum Payment. The Minimum Payment will be based on the current New Balance of your Account as shown on your billing statement, according to the following schedule:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Minimum Monthly Payment | Entire Balance | $15 | $20 | $25 | $30 | $35 | $40 | $45 | $50 |
| Balance Up To | $15 | $400 | $600 | $825 | $990 | $1,155 | $1,320 | $1,485 | $1,650 |
| Minimum Monthly Payment | $55 | $60 | $65 | $70 | $75 | $80 | | | |
| Balance Up To | $1,815 | $1,980 | $2,145 | $2,310 | $2,475 | $2,640 | | | |

You always have the right to pay more than the Minimum Payment or to make an early payment to reduce Finance Charges. Payments sent to us at the address shown on your billing statement will be credited as of the day of receipt and applied first to Finance Charges and Other Charges or fees, and then to Purchases and Cash Advances in the order made.

## 6. OPTIONAL PAYMENT PLANS

From time to time we will offer or arrange optional payment plans in connection with your Account. These options may allow you to defer regular monthly payments or delay the billing of your Account for specific Purchases. Under a Deferred Payment Option, you will have the right not to make monthly payments for a specified period of time; however, you will have to pay regular Finance Charges during the period of deferral. Purchases under a Delayed Billing Option will be shown on your monthly statement, but during the delayed billing period you will not have to pay Finance Charges for these Purchases and the balance of those Purchases will not be included in the account balance that is used to calculate your Minimum Payment. We may also offer you introductory Annual Percentage Rates for all or part of a Purchase and/or Cash Advance balance. The period of time for which such introductory rates apply may be limited. Any introductory rate, the corresponding periodic rate, and the period of time for which it is in effect will appear on your statement. We may also offer you a promotional Annual Percentage Rate to encourage specific transactions, such as transferring balances from accounts you have with other credit card issuers. Any of these optional payment plans or introductory or promotional rate offers will be subject to the terms of the offer and this Agreement. If you elect any of these options or other optional payment plans, we are not required to give you advance notice before resuming or starting to bill you for regular monthly payments or Finance Charges.

## 7. MONTHLY STATEMENT

We will send you a statement for each monthly billing period in which your Account has an outstanding balance of $1 or more. Your statement will show separately the Purchases that may have been posted since your last statement, the payments and/or adjustments to your Account, the Cash Advances you have obtained since your last statement, the Finance Charges, any fees charged to your Account, the Minimum Payment and the Payment Due Date.

## 8. APPLICATION OF PAYMENTS

Subject to applicable law, all payments received by us will be applied to the balances in your Account in the manner we determine. Credit for payment is conditional upon acceptance when the payment instrument is presented to the institution upon which it is drawn. Payments received by the date shown on the statement and accompanied by the statement remittance form will be credited as of the date of receipt.

## 9. DEFAULT

You will be in default under this Agreement if you violate any part of this Agreement or any other written agreement you have with us, if you fail to make at least the Minimum Payment when due, exceed your Credit Limit, die, become legally incompetent, become insolvent or file for bankruptcy, or if any other person tries to take any money or property of yours that you have assigned to us or is in our possession, or you use a check or instrument for payment which is dishonored.

## 10. RESULTS OF DEFAULT

If you are in default, we may, subject to applicable law to the contrary: (a) determine not to extend any further credit to you, or reduce your Credit Limit; (b) close your Account without prior notice and (except in WI unless you miss more than two payments in any one year period) require you to pay immediately the total amount owed; (c) report any delinquency to credit reporting agencies; (d) exercise any and all of our rights with respect to this Agreement; and (e) (except in WI) if we bring legal action, require you to pay all costs of collection, including court costs and reasonable attorneys' fees as permitted by law. You also agree to pay any costs we may incur in retrieving your Credit Card, including any costs we may incur by having your Account placed on a "Restricted List." Finance Charges will continue to accrue on the outstanding unpaid balances of Purchases and Cash Advances at the current rate until such balances have been paid in full.

## 11. RIGHTS AND REMEDIES

We can exercise all or any of our rights and remedies under this Agreement without losing any rights and remedies which we choose to exercise in the future.

## 12. OTHERS USING YOUR ACCOUNT

You promise to pay for all charges made by anyone you authorize to use your Account, whether or not you notify us that they will be using it. If someone else is authorized to use your Account and you want that to end, you must let us know in writing, and if he or she has a Credit Card, return that Credit Card to us cut in pieces.

## 13. CANCELLATION

We can cancel your Account, refuse to allow further transactions, or revoke your Credit Card at any time, with or without cause. You can cancel your Account by writing to us at First Consumers National Bank, PO Box 4080, Portland, Oregon 97208. In either case, you agree to return to us all Credit Cards cut in pieces. Cancellation of your Account will not affect your liability to us for credit we have extended to you.

## 14. CHANGE OF TERMS

We may change, amend, add to or delete any term or part of this Agreement, including any Finance Charge rate, fee or method of computing any balance upon which the Finance Charge rate is applied, at any time by including a message on or with your monthly billing statement or sending you a written notice before the change is to become effective. If under applicable law any such change requires your approval, your written consent or the use of your Account or Card on or after the date you receive the notice means that you accept and agree to the change. We may apply any such change to the outstanding balance of your Account on the effective date of the change of terms and to new charges made after that date.

## 15. LOST OR STOLEN CARD

If your Credit Card is lost or stolen, or you believe someone is using your Account without your permission, notify us at once at 1-800-876-0021.

## 16. SEVERABILITY

If any provision of this Agreement is found to be unenforceable, all other provisions shall remain in full force and effect.

## 17. ASSIGNMENT

We may transfer and assign your Account and our rights under this Agreement to another person or company without notice to you.

PAGE 2 of 2
EX #1