# GROUP EXHIBIT C

McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818

Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

Amy R. Jonker
Direct: 312.750.3615

# McGUIREWOODS

ajonker@mcguirewoods.com
Direct Fax: 312.698.4549

May 5, 2008

*Via email (DavePhilipps@aol.com) and First Class Mail*

Mr. David Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, IL 60465

Re: *Jenkins v. Centurion Capital Corp., et al.*
N.D. Ill. 07-3838
*Jenkins v. Palisades Acquisitions XVI, LLC, et al.*
N.D. Ill. 08-515

Dear Mr. Philipps:

I received a phone call today from a secretary at your office asking if we were planning to proceed with depositions in the above referenced lawsuit on May 8, 2008. I stated to her that we are not planning to do so, and, after checking the file, confirmed that we have not received any deposition notices scheduling any deposition for May 8 for any party in this case.

The only deposition notices we have received in the case are for Rule 30(b)(6) representatives for Centurion and Palisades and for the following individuals: Peter Fish, Cheryl Kavanagh, Ronald Canter, and Beverly Berry. As I stated in my correspondence to you of April 28, 2008, Ronald Canter and Beverly Berry are no longer employed by Centurion and, thus, cannot be produced for deposition.

Palisades' Rule 30(b)(6) representative is available for deposition by telephone on June 3, 5, 11, or 13. Centurion's Rule 30(b)(6) representative is available for deposition by telephone on June 4, 5, 10, 11, or 12.

Regarding the matters listed for deposition on the notices for Centurion's and for Palisades' Rule 30(b)(6) depositions, Centurion and Palisades object to being deposed on the following matters for the following reasons:

1. "Defendants' practices and procedures regarding the collection of debts, including the filing of lawsuits; the collection of debts that were allegedly owed originally to First

GROUP
EXHIBIT
C

May 5, 2008
Page 2

Consumer's National Bank, then allegedly owed to Centurion Capital Corporation and then allegedly owed to Palisades Acquisition XVI, LLC."

Centurion's Objection: In response to Plaintiff's Interrogatory No. 12, Centurion objected to identifying all practices and procedures relating to debt collection practices. This objection was upheld by the court in response to Plaintiff's motion to compel. Centurion restates its objections here as the request for testimony regarding the practices and procedures for the collection of debts requests the same or similar information as Plaintiff's Interrogatory No. 12 and is irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 30(b)(6) requires that matters for deposition be described with "reasonable particularity". Plaintiff's request for testimony regarding "Defendants' practices and procedures regarding...the filing of lawsuits" is overbroad and not described with reasonable particularity as the general filing of lawsuits by Centurion is not at issue in this lawsuit. Thus, Centurion objects to it. Centurion also objects to Plaintiff's request that Centurion provide testimony regarding practices and procedures for "Defendants'" as this is overbroad because it requests testimony from Centurion about the practices and procedures of Blatt, Hasenmiller.

Centurion further objects to providing testimony regarding the collection of debts "that were allegedly owed originally to First Consumer's National Bank, then allegedly owed to Centurion Capital Corporation and then allegedly owed to Palisades Acquisition XVI, LLC" to the extent that Plaintiff is requesting testimony regarding information other than for Plaintiff's debt. The court upheld Centurion's objections to Plaintiff's Interrogatories Nos. 2-3 requesting similar information and Centurion asserts the same objections here. Plaintiff's request is irrelevant, immaterial, overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.

Palisades' Objection: Palisades objects to providing testimony regarding practices and procedures for the collection of debts as this is overbroad and not described with reasonable particularity. Palisades further objects to providing testimony regarding the filing of lawsuits as it did not file a lawsuit against Plaintiff.

2. "Defendants' discovery responses."

Centurion's Objection: This request is overbroad in that it asks Centurion to testify regarding the discovery responses provided by Defendant Blatt, Hasenmiller.

Palisades' Objection: This request is overbroad in that it asks Palisades to testify regarding the discovery responses provided by Defendant Blatt, Hasenmiller.

3. "The allegations of the Complaints filed in these matters and Defendants' Answer thereto."

May 5, 2008
Page 3

<u>Centurion's Objection</u>: This request is overbroad in that it asks Centurion to testify regarding allegations asserted by Plaintiff regarding Plaintiff and Defendant Blatt, Hasenmiller and to answers provided by Defendant Blatt, Hasenmiller.

<u>Palisades' Objection</u>: This request is overbroad in that it asks Palisades to testify regarding allegations asserted by Plaintiff regarding Plaintiff and Defendant Blatt, Hasenmiller and to answers provided by Defendant Blatt, Hasenmiller.

I will be available to discuss the above issues through Tuesday, May 13, 2008. After that I will be on maternity leave and David Hartsell will be available to discuss these and any other issues regarding these lawsuits.

Sincerely,

Amy R. Jonker

cc:   David L. Hartsell

\6240069.1



THE LAW FIRM OF

# PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps

Bonnie C. Dragotto

May 9, 2008

**VIA FACSIMILE: 312-849-3690**

David L. Hartsell
Amy R. Jonker
McGuireWoods, LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601

Re: *Jenkins v. Centurion Capital Corporation and Blatt, Hasenmiller, Leibsker & Moore, LLC*, N.D. Ill. No. 07 C 3838; and
*Jenkins v. Palisades Acquisitions XVI, LLC*, N.D. Ill. No. 08 C 0515

Counsel:

We are disappointed in your May 5, 2008 response to Plaintiff's Notices of Deposition in the above-referenced matters.

First, your claim not to have received Notice of the Rule 30(b)(6) deposition for Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC (BHL&M"), as well as its personnel – Kenneth R. Wake, Gregory R. Dye and Ira F. Leibsker – is disingenuous at best. As can be seen by the attached fax confirmation, this Notice was faxed to, and received by, your office on April 24, 2008, approximately two hours before the two Notices you admit to receiving.

Second, you state that Ronald Canter and Beverly Berry are no longer employed by Centurion Capital Corp. ("Centurion") and thus will not be produced. Given that each witness identified by Defendants in this matter was given an address as being "c/o Counsel for Defendants", it is incumbent upon Defendants to provide last known contact information for these two individuals, so that they may be located and subpoenaed.

Third, as directed by the Seventh Circuit, in its Standards for Professional Conduct Within the Seventh Federal Judicial Circuit, we had repeatedly requested that you contact us, so that we could schedule depositions of both Plaintiff and Defendants and their personnel at mutually convenient times. You

David L. Hartsell
Amy R. Jonker
May 9, 2008
page two

repeatedly refused, thus, we had little choice but to send out notices of depositions. You have provided no explanation as to why the depositions of Centurion and Palisades Acquisitions XVI, LLC ("Palisades") cannot proceed as scheduled, but rather, merely provided alternate dates, none of which are in May. Moreover, you have provided no explanation as to why any of these depositions should take place by telephone. Once again, given that each witness identified by Defendants in this matter was given an address a being "c/o Counsel for Defendants", it entirely appropriate for those depositions to take place in our offices, with the deponents physically present. If these deponents are not located locally, then we demand that you immediately provide us with their addresses.

Fourth, Defendants' attempt to limit, in advance, the subject matter of the depositions of Centurion and its personnel, based on the results of the Motion to Compel, is simply inappropriate under the FRCP. Plaintiff did not specifically seek to compel an answer to Interrogatory No. 12, see Dkt. 36. Moreover, Defendant Centurion asserted a bona fide error defense in its Answer to Plaintiff's Complaint, see, Dkt. 34 at p. 7. Exactly how do Defendants intend to prove that they maintain procedures reasonably adapted to avoid violation of the FDCPA, if discovery concerning their debt collection practices and procedures is forever foreclosed?

Fifth, it is entirely appropriate to question Centurion about BHL&M's discovery responses and Answer, and vice versa, since Centurion claims to have relied on information it received from BHL&M as part of its bona fide error defense; the same would hold true for Palisades and BHL&M, since presumably BHL&M will claim that it was relying on information it received from Palisades.

Finally, as to Defendants' overdue discovery responses in Jenkins v. Palisades, we think it is indeed questionable of Defendants to move the Court for an extension of time to respond to discovery, after Defendants compelled Plaintiff's deposition in these matters. If Defendants' motion is granted, Plaintiff will be put at a disadvantage, in that we will be unable to discuss Defendants' responses to Plaintiff's discovery requests with her, prior to her deposition. Moreover, it is more than an little disappointing that you choose, on May 5, 2005, to use Ms. Jonker's pending maternity leave as an excuse to delay Defendant's obligations in this matter, when Ms. Jonker took the exact opposite position three days earlier – that her pending maternity leave was no problem and McGuireWoods has plenty of attorneys – when urging Magistrate Judge Baker in Indiana to adopt shorter deadlines at the discovery conference in the Indiana limited time cases.

David L. Hartsell
Amy R. Jonker
May 9, 2008
page three

Please contact us immediately to schedule a Rule 37 discovery conference to resolve these issues.

Very truly yours,

David J. Philipps
DJP/mep