IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kisha Jenkins, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   08 C 0515 |
| Palisades Acquisitions XVI, LLC, a Maryland corporation, and Blatt, Hasenmiller, Leibsker & Moore LLC, an Illinois limited liability company, | ) ) ) ) ) ) | Judge Darrah |
|     Defendants. | ) | |

## PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff, Kisha Jenkins ("Jenkins"), hereby requests, pursuant to Fed.R.Civ.P. 26 and 37, that this Court again compel Defendants, Palisades Acquisitions XVI, LLC ("Palisades") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") to answer Plaintiff's discovery requests fully.  In support of this motion, Plaintiff states:

    1.    On August 19, 2008, this Court granted Plaintiff Jenkins' motion to compel, ordering that Defendants comply with Plaintiff's discovery requests by September 2, 2008.  (Dkt. 33).  Specifically, Plaintiff sought information pertaining to size of the putative class, and net worth of the Defendants.  (Dkt. 31 at p. 2, ¶ 2).  Additionally, Plaintiff sought whatever documentation Defendant Palisades had to prove that Plaintiff Jenkins ever had an account with the original creditor.  (Dkt. 31 at p. 2, ¶ 3).

    2.    On September 2, 2008, Defendant Blatt served a Supplemental Response to Plaintiff's interrogatories, which was unverified, see, attached Exhibit A.  Although this

response stated a total figure for Defendant Blatt's net worth, no supporting documents were attached. Nothing was received from Defendant Palisades.

3. The response received from Defendant Blatt as to the size of the putative class improperly limited the class in a manner inconsistent with the interrogatory to which Blatt was responding and the allegations of the Amended Complaint. The Complaint sets forth a class of:

> . . . all persons similarly situated in the State of Illinois from whom Defendant Blatt attempted to collect a delinquent consumer debt allegedly owed originally to First Consumers National Bank, and now allegedly owed to Palisades Acquisitions, XVI, LLC, from one year before the date of this Complaint to the present, and as to which the consumer was sent a letter identical to the letter Plaintiff received (Exhibit B), and as to which Defendants incorrectly stated the amount of the debt by adding an amount for court costs that had not yet been assessed against the consumer.

(Dkt. 18 at ¶ 28). Plaintiff's interrogatory sought identification of all such persons, see, attached Exhibit A at p. 1.

4. Defendant Blatt, however, sua sponte and without any explanation, limited its response to only those persons against whom a collection lawsuit had been filed by a prior owner of the debt (Centurion Capital Corp.), and which lawsuit had been dismissed prior to Blatt's March 29, 2007 letter. The proposed class is broader than the limitations placed upon it by Defendant Blatt – indeed, Defendant Blatt's unexplained limitations seek to exclude Plaintiff herself from the putative class.

5. Defendant Blatt's discovery response, gerrymandering the class definition to suit its own purposes, appears to be an improper attempt to artificially limit the size of the class, to a point where numerosity cannot be satisfied. There is simply no need for any lawsuit to have been dismissed against a putative class member – either before or after Defendant's Blatt's March 29, 2007 – in order to be a member of the putative

2

class.  If the letter sought to collect court costs which had not yet been assessed – either because the case had been dismissed or judgment had not yet been entered -- the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") was violated, regardless of when, or if, the lawsuit was dismissed.  Defendant Blatt was already ordered to comply with Plaintiff's discovery requests, and by limiting its response in this improper fashion, it simply did not do so.

6. Moreover, Defendant Palisades failed to make any attempt to comply with Plaintiff's discovery requests, not even bothering to state its net worth in an unverified supplemental response.  Nor has Defendant Palisades provided any documentation to prove that Plaintiff Jenkins ever had an account with the original creditor, such as a signed credit card agreement, signed charge slips, or signed order forms – or at the least, stated that it has no such documentation; all Defendant Palisades has provided are two pages of its own account notes.

7. Thus, despite Plaintiff's Counsel's good faith efforts to obtain discovery responses regarding these outstanding matters, initially without the assistance of the Court (see, Dkt. 31 at ¶¶ 6-7), and then with the Court's assistance (Dkt. 33), Plaintiff's Counsel has been unsuccessful, due to no fault of their own.  Accordingly, Plaintiff requests that Defendants be compelled to provide complete answers to Plaintiff's discovery requests immediately.[1]

WHEREFORE, Plaintiff, Kisha Jenkins, respectfully requests that Defendants be compelled to provide complete answers to Plaintiff's discovery requests immediately.

---

[1] Depositions in this matter, both of Plaintiff, and of Defendants and their witnesses, are scheduled to take place during the week of September 22, 2008; discovery is set to close on October 31, 2008 (Dkt. 33).

3

        Respectfully submitted,

        Kisha Jenkins

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated:  September 12, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2008, a copy of the foregoing **Plaintiff's Second Motion to Compel** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David L. Hartsell                        dhartsell@mcguirewoods.com
Amy R. Jonker                         ajonker@mcguirewoods.com
McGuire Woods, LLP
77 W. Wicker Drive
Suite 4100
Chicago, IL  60601


/s/ David J. Philipps_____

David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

5