UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| KISHA JENKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 08 C 515 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| PALISADES ACQUISITION XVI, LLC; and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kisha Jenkins ("Plaintiff"), filed suit against Defendants, Palisades Acquisition XVI, LLC ("Palisades") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), alleging violation of §1692e, §1692f, and §1692g(a)(1) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* Before the Court is the Plaintiff's Motion for Class Certification.

## BACKGROUND

This case arises from Plaintiff's defaulted credit card debt. Initially, Plaintiff had a First Consumers National Bank ("FCNB") credit card, which she failed to pay. FCNB sold this account to Capital One, who then proceeded to sell the account to Centurion Capital Corporation ("Centurion"). In an effort to recover the outstanding debt, Centurion hired BHLM to begin collection proceedings.

On August 23, 2006, BHLM filed a collection lawsuit in Cook County on behalf of Centurion to collect the debt Jenkins owed. The lawsuit sought damages against Plaintiff for $2,109.37 plus costs. During the course of the lawsuit, Centurion sold Plaintiff's account to Palisades.

On March 29, 2007, BHLM sent Plaintiff a letter, stating that Palisades now owned her account and that the amount owed was now $2,311.37 due to attorneys' fees and court costs incurred from the lawsuit. On May 15, 2007, BHLM dismissed the lawsuit against Plaintiff. No judgment was rendered in this lawsuit.

Plaintiff alleges the March 29, 2007 letter, which included her debt plus attorneys' fees, is a violation of § 1692e, § 1692f, and § 1692g(a)(1) of the FDCPA. Specifically, Plaintiff alleges that the addition of attorneys' fees to the original debt owed violates § 1692e of the FDCPA for falsely stating the amount of the debt, § 1692f of the FDCPA for using unfair or unconscionable means to collect the debt, and § 1692g(a)(1) for failing to adequately state the amount of the debt. Plaintiff seeks to certify a class consisting of:

> All persons similarly situated in Illinois, against whom BHLM filed a lawsuit on behalf of Centurion, and whose account was subsequently sold to Palisades and who then received a form debt collection letter from BHLM on behalf of Palisades, identical to the March 29, 2007 form debt collection letter received by Plaintiff, which included court costs in the amount of the debt, and as to which court costs Defendants were not yet entitled because judgment had not yet been entered in the lawsuit awarding Defendants court costs, either by default, at trial, or by settlement agreement.

Plaintiff alleges that the prerequisites of Rule 23(a) and the requisites of Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

2

## LEGAL STANDARD

In ruling on a motion for class certification, the party seeking certification has the burden of establishing that class certification is proper. *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 587 (7th Cir. 1993). Therefore, Plaintiff must meet the standards set forth in Rule 23 of the Federal Rules of Civil Procedure. *Amchem Products, Inc. v. Windsor*, 521 US 591, 613-614 (1997) (*Amchem*). Rule 23(a) governs four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequate representation. Fed. R. Civ. P. 23(a).

To meet Rule 23(a)'s requirements, the party seeking class certification must show the class is maintainable via one of the provisions in Rule 23(b). *Amchem*, 521 US at 614. Rule 23(b)(3) states that the class action must have questions of law or fact that "predominate over any questions affecting only individual members," and the class action must be superior to other methods available to adjudicate the cause of action. Fed. R. Civ. P. 23(b).

## ANALYSIS

### *Numerosity*

Numerosity is met when the class is large enough to render joinder impracticable. Fed. R. Civ. P. 23. Plaintiff claims to have identified ninety-two who meet the criteria for the proposed class. Defendants argue that they may have valid defenses against the claims of many of these individuals and, thus, the class is not as numerous as Plaintiff claims. However, Plaintiff asserted that the ninety-two individuals were only a subset of the total class, since they represented only those individuals whose debts Centurion bought from a single original creditor. Plaintiff points out that Centurion purchased debt

3

from more than one original creditor and, thus, the class size is likely to exceed ninety-two.

Although no set number exists, a class of forty members has rendered joinder impracticable; particularly where the damage amount is small and members are scattered. *Quiroz v. Revenue Production Management*, 252 F.R.D. 438, 441 (N.D. Ill. 2008) (*Quiroz*). Furthermore, courts in this District have found numerosity exists where a large corporate defendant sends form letters allegedly containing FDCPA violations. *See, e.g. Quiroz*, 252 F.R.D. at 441. The numerosity requirement has been met.

### *Commonality*

The commonality requirement of Federal Rule 23(a)(2) is met where a common nucleus of operative fact exists, and there is a question of fact or law common to the class. *Quiroz*, 252 F.R.D. at 442. Commonality fails where the common issue requires the Court to make fact determinations regarding each individual class member. *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 335 (N.D. Ill. 2008). In regards to FDCPA cases, the common nucleus of operative fact exists where the allegations stem from debt collection letters. *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291, 297 (N.D. Ill. 2007).

In the present case, the controversy stems from Plaintiff's allegation that Palisades' letter violated the FDCPA when they combined attorneys' fees with the individual's debt in the amount owed. This is a common element applicable to all members in the proposed class. Therefore, the commonality requirement is met.

### *Typicality*

Typicality is met if Plaintiff's claim arises from the same conduct or event which gives rise to the claims of the other class members and involves the same legal theory.

4

*Warcholek v. Medical Collections System, Inc.*, 241 F.R.D. 291, 294 (N.D. Ill. 2006) (*Warcholek*). Typicality is met in the present case because Plaintiff's claim is based on the same accounting conduct and legal theory of the other proposed class members' claims. Involved in each class members' claims are Palisades' collection letter, the accounting method Palisades applied, and its conformity to the FDCPA.

## Adequacy

To ensure a class is adequately represented, the Court evaluates whether Plaintiff has: (1) claims antagonistic to the proposed class; (2) a sufficient interest in the outcome of the litigation, ensuring zealous representation; and (3) representation by competent, qualified, and experienced counsel. *Quiroz*, 252 F.R.D. at 442. Plaintiff is an adequate representative of the proposed class. Plaintiff's claim coincides with the other claims of the proposed class, has an interest in the outcome of this litigation, and Plaintiff's counsel is experienced and well versed with class-action litigation.

## Predominance and Superiority

Federal Rule of Civil Procedure 23(b)(3) requires the Plaintiff show common questions of law or fact regarding all class members predominate any individual questions as well as whether the class action is the superior method of adjudicating the cause of action. *Warcholek*, 241 F.R.D at 294-95.

Palisades alleges the class members' individual questions predominate the class and that, therefore, Plaintiff fails to meet this requirement. In particular, Palisades states that the Court will need to review the cardholder agreements of each proposed class member to determine whether a claim may proceed. Palisades' argument is not persuasive. Although the class may deal with various credit card agreements, the central

issue is whether or not Palisades' collection letter violated the standards set forth in the FDCPA. Furthermore, because the Court is adjudicating a claim where similar letters of collection were sent to numerous Illinois residents, a class-action lawsuit is the most appropriate method to bring suit.

## CONCLUSION

For the foregoing reasons, Plaintiff has met the sufficient standards for class certification. Therefore, Plaintiff's Motion for Class Certification is granted; and the class is certified as set out above in this Opinion.

Dated: 4-2-09

JOHN W. DARRAH
United States District Court Judge